**OHIO NEIGHBORHOOD FINANCE, INC., d.b.a. Cashland, Appellant,**

v.

**DOUGLAS, Appellee.**

[Cite as *Ohio Neighborhood Fin., Inc. v. Douglas,*
191 Ohio App.3d 322, 2010-Ohio-6092.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23655.

Decided Dec. 10, 2010.

Bricker & Eckler L.L.P., Anthony M. Sharett, and M. Breck Valentine, for appellant.

Christina Douglas, pro se.

BROGAN, Judge.

{¶ 1} Appellant, Ohio Neighborhood Finance, Inc., appeals the decision of the Dayton Municipal Court granting judgment against Christina Douglas for the sum of $313, plus court costs and postjudgment interest at 5 percent per annum. Ohio Neighborhood argues that the trial court improperly lowered the rate of interest from 25 percent to 5 percent because Ohio Neighborhood and Douglas agreed upon the 25 percent interest rate and that amount should be enforced. Since the agreed-upon interest rate in the contract was 25 percent, that amount should be applied to the judgment. For the following reasons, we reverse the judgment of the trial court.

## I

{¶ 2} On November 26, 2008, Ohio Neighborhood made a loan to Douglas for the amount of $250. Aside from paying the $250, Douglas agreed to a loan-origination charge of $15, and a credit-investigation fee of $10. After the fees and interest, Douglas was required to pay an aggregate sum of $278, due December 12, 2008. The "Promise to Pay" section of the customer agreement that Douglas signed states:

{¶ 3} "You promise to pay us $250.00 (the Principal Amount on this loan) plus interest at a rate of 25% per annum on the principal outstanding for the time outstanding from the date of this Customer Agreement until paid in full."

{¶ 4} On December 12, 2008, Douglas failed to repay the loan as required by the contract. After Ohio Neighborhood demanded that the amount be paid, Douglas failed to pay the amount due under the loan agreement.

{¶ 5} On May 5, 2009, Ohio Neighborhood filed a complaint in the Dayton Municipal Court, seeking judgment against Douglas for the amount of $313 plus the interest of 25 percent per annum beginning on the date of default, along with court costs and reasonable attorney fees as permitted by statute and contract. Douglas failed to respond or plead to the complaint, and Ohio Neighborhood filed its motion for default judgment.

{¶ 6} On August 25, 2009, the trial court journalized the judgment entry and awarded Ohio Neighborhood $313, plus court costs. Instead of awarding the interest rate of 25 percent, the trial court awarded 5 percent interest per annum on the unpaid principal from the date of judgment.

## II

{¶ 7} Ohio Neighborhood puts forth one assignment of error, which states as follows:

{¶ 8} "The trial court committed reversible error in reducing to 5% per annum, the interest rate on the debt in the default judgment granted in favor of appellant Ohio Neighborhood Finance, Inc."

{¶ 9} Ohio Neighborhood argues that it is permitted by statute to contract a loan with an interest rate as long as that interest rate does not exceed 25 percent, and, since both parties agreed upon that amount of interest, the trial court may not unilaterally alter the amount of interest. We agree.

{¶ 10} R.C. 1343.03(A) states:

{¶ 11} "In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

{¶ 12} When construing R.C. 1343.03(A), if a written loan agreement contains an agreed-upon interest rate, that interest rate should be applied to the judgment, as long as that rate is permitted by law. *Am. Gen. Fin., Inc. v. Bauer* (May 4, 2001), Delaware App. No. 00CAG08023, 2001 WL 498508.

{¶ 13} In the present case, the agreed-upon interest rate in the contract was 25 percent, which is permitted, and that rate should have been applied to the judgment by the trial court.

{¶ 14} Ohio Neighborhood's assignment of error is sustained.

### III

{¶ 15} Ohio Neighborhood's assignment of error being sustained, the judgment of the trial court is reversed, and the cause is remanded for a judgment consistent with this opinion.

Judgment reversed
and cause remanded.

DONOVAN, P.J., and FAIN, J., concur.